*R. P. Davidson*, for appellant.

---

## THE CLEVELAND, COLUMBUS, CINCINNATI, AND INDIANAPOLIS RAILROAD CO. *v.* SWIFT.

RAILROAD.—*Injury to Animals.—Fence.—Negligence.*—Where, in an action against a railroad company for killing stock, it appeared that the railroad had been fenced, but a panel of the fence had been cut out and made into the form of a gate, but not hung on hinges, and the opening was used by persons hauling wood and placing it near the railroad track, and this was done with the consent of the railroad company, or without objection from it, a sub-tenant of the plaintiff being one of the persons hauling wood, and while he was so hauling, the gate was so set up that hogs of the plaintiff passed through the opening and upon the railroad, and were killed;

*Held*, that these facts did not show such negligence on the part of the plaintiff as to prevent his recovery.

SAME.—If a railroad company allow an opening to be made in the fence inclosing its road and left insecure, it cannot be said that the road is securely fenced; and if animals pass through the same and upon the railroad, and are killed, the company is liable without proof of negligence on the part of the company.

APPEAL from the Delaware Circuit Court.

DOWNEY, J.—This was an action commenced before a justice of the peace, by the appellee against the appellant, to recover the value of certain hogs which had been killed by the cars of the company on its road. On appeal from the judgment before the justice of the peace, in the circuit court, the appellant demurred to the evidence of the plaintiff, and

The Cleveland, Columbus, Cincinnati, and Indianapolis R. R. Co. *v.* Swift.

the demurrer was overruled, to which the company excepted. Final judgment was rendered upon the demurrer for the plaintiff, the defendant appealed, and has assigned as error the overruling of the demurrer. It appears from the evidence that there was a fence built by the company at the place where the hogs went upon the road, but a panel had been cut out and made into the form of a gate, but was not hung on hinges. This opening was used by several persons for the purpose of hauling wood through and placing it near to the railroad. This seems to have been done with the assent, or at least without any objection from the company. The plaintiff had rented his ground adjoining the road to one Darrow, and he had rented it to one Koons, who was one of those who hauled wood through the opening in the fence. While he was thus hauling, the gate was so set up at the opening that the hogs got upon the road by passing in at the sides of the gate. It is claimed that this shows such negligence on the part of the plaintiff that he should not be allowed to recover. We do not think so. The evidence does not connect the plaintiff with the making of the opening in the fence or with the manner in which it was kept. If the railroad company allow an opening to be made in the fence and left insecure, it cannot any longer be said that the road is securely fenced, and the company is, by the statute, liable for the animals killed, without any proof of negligence on the part of the company. 3 Ind. Stat. 415, sec. 5.

The judgment is affirmed, with costs.

*J. A. Harrison*, for appellant.

*R. S. Gregory* and *J. N. Templer*, for appellee.