J. F. WHITE ET AL. v. J. P. EPPERSON AND WIFE.

Decided April 4, 1903.

·1.—Homestead—Evidence of Abandonment.

Upon an issue of abandonment of the homestead by plaintiff prior to its sale under execution, a letter written by him after his removal and indicating an arrangement to have the land forfeited by the State for the benefit of another, was admissible to show abandonment, although it was dated after the execution sale, and it was also admissible to contradict plaintiff's statement that he had made no such agreement.

2.—Evidence—General Reputation.

The fact that plaintiffs, who testify as witnesses in the case, are contradicted on material issues by other witnesses, does not authorize the introduction of evidence in support of their reputation for truth and veracity.

3.—Homestead—Abandonment—Charge on Weight of Evidence.

Upon an issue of abandonment of the homestead a charge that if plaintiff left the land with intention to return and occupy it as his· home, then the fact that he ·may have voted or held office in another State during a temporary absence would not forfeit his homestead right, provided, etc., was on the weight of evidence in assuming that plaintiff's absence was temporary and in singling out certain important facts and telling the jury that they do not constitute an abandonment.

4.—Same—Intention.

It was error for the charge to make plaintiff's homestead right depend on his intention at the time he so voted or held office elsewhere, instead of his intention at the time of the execution sale.

5.—Same.

A charge that plaintiff, during a temporary absence, could offer his homestead for sale without forfeiting his homestead right thereto, as the fact of such offer would not of itself constitute an abandonment, was on the weight of evidence in singling out a fact and telling the jury what effect they might give it.

Appeal from the District Court of Wilbarger.  Tried below before Hon. G. A. Brown.

*F. P. McGhee, R. P. Elliott, Ben H. Kelly,* and *Tolbert & Berry,* for appellants.

*F. C. Becket* and *L. C. Heare,* for appellees.

SPEER, ASSOCIATE JUSTICE.—J. P. Epperson and wife brought this suit in trespass to try' title to recover from appellants a tract of land in Wilbarger County. Appellants claimed under said Epperson as common source through an execution sale against him in favor of one Rettig. It was admitted upon the trial that appellants had title to the land unless it was the homestead of appellees at the time of the making of said levy on January 27, 1900, and the question of homestead vel non was therefore the main issue upon the trial. It was undisputed that prior to April, 1894, the land was the homestead of appellees. During that month they left the land and moved from the State of

Texas to the State of Illinois, where they have since resided. Neither has ever been on the land since that time, and neither has been in Texas since, except that the husband was back for a short time in the spring of 1900. J. P. Epperson, during his residence in Illinois, voted and acted as clerk at various elections held in that State, and was at one time a candidate for justice of the peace. It was contended on the one hand that there had been an abandonment of the homestead, while on the other hand that the absence was only temporary, caused by the illness of the wife, and that both husband and wife at all times retained their intention to return to their homestead when the state of the latter's health and their finances would permit. The jury accepting the latter contention, rendered a verdict for appellees.

Upon the trial the appellants offered in evidence a letter written by J. P. Epperson in reply to one from James R. Tolbert, which reads as follows: "Rio, Ill., May 30, 1900.—Judge J. R. Tolbert, Vernon, Texas: Dear Sir.—Your favor of the 25th at hand. In reply will say that it was my understanding that as you were personally acquainted with Mr. Robbins, you would try and railroad the land through and get it forfeited so Mr. Blaine could file on it as soon as possible. What is the situation at present? My intention was to leave it entirely with you, so push it along as fast as you can. Consult with Mr. W. M. Crutchfield, if you desire, as he understands the case. Respectfully yours, J. P. Epperson." The trial court, upon the objection that this letter was dated after the execution sale of the land sued for, excluded the testimony, to which appellant assigns error. We think this ruling was erroneous. The letter was admissible as tending to support the contention that there had been an abandonment of the property as a homestead. Abandonment, like any other question of fact, is to be determined from a consideration of all the circumstances surrounding the transaction. An arrangement after removal from a homestead to have the land forfeited by the State for the benefit of another might not of itself be sufficient to show abandonment, but it would tend to do so. And whether such circumstance is even sufficient is not at all a question of law, but purely one of fact. Moreover the letter was admissible because it tended to contradict appellee J. P. Epperson in that he denied that he had made such an agreement with Mr. Blaine. And upon this point and for the same reason the testimony of the witness Tolbert, to the exclusion of which appellants' fifth assignment is directed, was likewise admissible.

There was error in permitting the witness Doan to testify that he was acquainted with the reputation of appellees for truth and veracity in the community in which they lived and that the same was good. The fact that appellees had been contradicted upon material issues by other witnesses did not authorize the introduction of evidence in support of their reputation for truth and veracity. Jacobs v. State, 59 S. W. Rep., 1111; Harris v. State, 45 S. W. Rep., 714; 1 Greenl. on Ev., sec. 469. It is only where the witness' character for truth and veracity

has in some way been attacked that reputation for truth and veracity is admissible. Texas & P. Ry. Co. v. Raney, 86 Texas, 363.

The sixth assignment, which we sustain, complains of the following charge of the court, to wit: "You are further instructed that if plaintiff, J. P. Epperson, left the land sued for with intention to return and occupy the same as a home, then the fact that said Epperson may have voted or held office in the State of Illinois during a temporary absence from said land would not forfeit his homestead right to said land, provided his intention to return and occupy continued from the time he left the land and existed at the time he so voted or held office." It is pointed out that this charge is upon the weight of evidence in that it assumes that the absence of J. P. Epperson was temporary, and further singles out important facts introduced in evidence and tells the jury that they do not constitute an abandonment, and also because it makes the homestead right of said Epperson to depend upon his intention at the time he voted or held office instead of making it to depend upon his intention at the time of the sale. We think these objections are all tenable. Mayo v. Tudor, 74 Texas, 471, 12 S. W. Rep., 117; Mitchell v. Mitchell, 80 Texas, 101, 15 S. W. Rep., 705; Allen v. Frost, 31 Texas Civ. App., 232, 6 Texas Ct. Rep., 495; Schwartzman v. Cabell, 49 S. W. Rep., 113.

Similar objections are urged to the sixth paragraph of the court's charge, which is as follows: "Any person leaving his homestead with intention to return and live on it, may during temporary absence therefrom offer the same for sale without forfeiting his homestead right thereto, that is to say one may offer his homestead for sale and this fact will not, of itself, constitute an abandonment of the homestead. But if prior to or at the time of such offer to sell, the intention to return and occupy the premises as a home had been abandoned, then his homestead right upon the land could be reinstated only by actually returning to and residing upon it." It is improper for the court to thus single out a fact or circumstance in evidence and to tell the jury what effect they may or may not give to the same. The jury might have concluded under another charge, that the offer of appellees to sell their homestead, together with the other facts which were undisputed, established an abandonment of the same. This was peculiarly their province.

We have discussed all the questions which we think could affect the case upon another trial. For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*