## F. O. McKENSIE v. WALTER WATSON.

Decided May 28, 1904.

**Malicious Prosecution—Evidence in Corroboration—Hearsay.**

In an action of damages for malicious prosecution defendant testified that he had fairly stated the facts of the matter to the county attorney at the time the criminal prosecution against plaintiff was instituted. The county attorney testified to the contrary, but defendant's credibility was not impeached otherwise than by such contradiction. Held, that it was error to permit the judge before whom the criminal case was tried to testify that upon the conclusion of the testimony of defendant (prosecuting witness) as given in that case he asked defendant if he had related the facts to the county attorney the same as he had just testified to therein, and defendant replied that he had. Such testimony was hearsay, and the admission not warranted by the rule as to corroboration.

Appeal from the District Court of Palo Pinto. Tried below before J. C. Kearby, Esq., Special Judge.

*H. W. Kuteman* and *A. Stevenson,* for appellant.

*John H. Eaton, W. E. McConnell,* and *Theodore Mack,* for appellee.

CONNER, CHIEF JUSTICE.—This suit was instituted by the appellant against appellee for damages for malicious prosecution. The facts show that appellant had been arrested and prosecuted upon a complaint made by appellee charging that appellant had seriously threatened to take the life of the appellee Walter Watson, and that by violent acts and threats appellant had intimidated the said Watson and prevented him from the performance of a legal act. Appellant was duly tried and acquitted upon the charges so made in the County Court of Palo Pinto County, appellee Watson testifying as a witness upon that trial. The appellant in this suit charged that the prosecution stated had been instituted and carried on maliciously and without probable cause, to his damage as alleged. Appellee answered with a general denial, and specially that prior to making the complaint, which was the foundation of the prosecution in the County Court, he had made to the county attorney of Palo Pinto County a full and fair statement of all the facts, and that the county attorney thereupon advised the prosecution.

It is not contended that appellee upon the trial of this cause testified to a state of facts supporting the complaint made in the criminal case. Indeed, it seems to be conceded that there was no just foundation for appellant's criminal prosecution. The principal, if not the only, contention now being that appellee, as he testified, fully, fairly and impartially stated the facts to the county attorney before making the complaint in the criminal prosecution; that the county attorney advised the prosecution, and that the facts as testified to by him on this trial, with reference to the acts of appellant, were identically the same as he had imparted to the county attorney at the time he went before him for the purpose of filing the complaint. The county attorney, Mr. Lasater,

however, denied this, and testified to the effect that the facts as detailed to him by appellee, and upon which the complaint in the criminal prosecution had been founded, disclosed a violation of the law, and the commission by appellant of the offenses charged, but that such detailed statement was totally at variance with the facts as testified to by appellee on this trial.

In this condition of the evidence the court, over appellant's objection, permitted W. E. McConnell to testify in appellee's behalf, "that he, McConnell, was county judge of Palo Pinto County, and that plaintiff F. O. McKensie was tried before him on the charge made against him by defendant; that on said trial the defendant Walter Watson testified substantially as he did on the trial of this case, and that when counsel in said criminal case had finished their examination of said witness, and before he left the stand, he, McConnell, asked said Walter Watson if at the time he made the complaint he made the same statement to the county attorney as he had just made on the stand, and if he made a full statement of the matter to the county attorney at the time, and that said witness answered in the affirmative." The same testimony in substance was permitted on the part of another witness, to all of which appellant objected as immaterial, irrelevant, hearsay and incompetent. No effort to impeach appellee in any manner was made, save as may be inferred from the sharp conflict between his testimony and that of the county attorney. This being true, we think it quite plain that the court was in error in permitting the introduction of the testimony above quoted over appellant's objection. It is only when the credibility of a witness has been put in issue by an effort to impeach him that he can be corroborated by proving that at other times he made the same or similar statements to those testified to by him upon the trial. See 1 Greenl. on Ev., sec. 469; Bradner on Ev., sec. 12; Bailey v. State, 9 Texas Civ. App., 98. The contradiction noted is not such impeachment of, or attack upon, appellee as authorized testimony supporting his credibility, and we think the testimony quoted was, as to appellant, purely hearsay. See Hunter v. Lenier, 82 Texas, 677; Ft. Worth & D. C. Ry. Co. v. Stone, 25 S. W. Rep., 808; White v. Epperson, 32 Texas Civ. App., 161, 73 S. W. Rep., 851, and authorities therein cited.

Complaint is also made of the court's definition of probable cause, but this seems to be identical with a charge on that subject approved in the cases of Ramsey v. Arrott, 64 Texas, 323, and Glasgow v. Owen, 69 Texas, 168. For the error above noted, however, the judgment is reversed and the cause remanded.

*Reversed and remanded.*