## YOUNG v. HARVISON.   (No. 326.)

(Court of Civil Appeals of Texas. Waco. March 11, 1926. Rehearing Denied May 13, 1926.)

1. **Trial ☞232(2)—In action on notes given for thresher, in which defendant pleaded failure of consideration, instruction that if jury made affirmative answers to special issues in favor of plaintiff's contentions they need not answer special issues presenting defendant's theory held proper.**

In suit on notes given for thresher, in which defendant pleaded failure of consideration, instruction that if jury made affirmative answers to special issues in favor of plaintiff's contention as to terms of trade and defendant's acceptance of thresher, they need not answer other special issues presenting defendant's theory, held proper, where answers for plaintiff necessarily were conclusive of all defenses.

2. **Sales ☞181(13).**

Evidence held sufficient to support finding that buyer accepted threshing outfit when delivered, and that trade was finally closed at that time.

3. **Appeal and error ☞215(3)—Appellant cannot complain of charge which presented in general way issues as made by pleading and evidence, where he made no objection (Vernon's Sayles' Ann. Civ. St. 1914, art. 1971).**

Appellant cannot complain of charge which presented in general way issues as made by pleading and evidence as presented, after presenting no objection to manner in which such issues were presented, as provided for in Vernon's Sayles' Ann. Civ. St. 1914, art. 1971.

4. **Chattel mortgages ☞251—Seller of threshing outfit, who took notes containing pledge agreement and mortgage as security for payment, held entitled to foreclose mortgage in court without exercising power of sale in mortgage or pledge agreement.**

Seller of threshing outfit, who took notes containing pledge agreement and mortgage as security for payment, held entitled to foreclose mortgage in court without exercising power of sale in mortgage or pledge agreement, though he could act under latter if he could obtain possession of pledged property without committing breach of peace.

Appeal from District Court, Coryell County; Joe H. Eidson, Judge.

Action by H. J. Harvison against Guy M. Young. Judgment for plaintiff, and defendant appeals. Affirmed.

T. R. Mears, of Gatesville, for appellant. Watt L. Saunders, of Gatesville, for appellee.

STANFORD, J. Suit by appellee and against appellant on two notes, dated September 6, 1920, one for $575 due September 1, 1921, the other for $600 due September 1, 1922, both notes providing for interest and 10 per cent. attorney's fees. Both said notes were given for a part of the purchase price of the hereafter mentioned machinery. Each of said notes contained the following clause:

"I have deposited or pledged with H. J. Harvison as collateral security for the payment of this note one Rumley Ideal separator, 28-inch cylinder; also one 16 horse power Compound Advance steam tractor; also one water tank and truck; also one cook shack and truck, the market value of which is now $1,675. Now, in the event of the nonpayment of this note at maturity, the holders hereof are hereby invested with full authority to use, transfer, hypothecate, sell or convey the said property, or any part thereof, or cause same to be done at public or private sale, with or without notice or demand of any sort, at such place and on such terms as the said holders hereof may deem best, * * * and to apply the proceeds of such sale to the payment of said notes," etc.

Appellant also executed a chattel mortgage on all of said property to secure the payment of said notes. Appellee sought judgment for the amount due on said notes and a foreclosure of his mortgage. Appellant, for answer, pleaded failure of consideration, al-

leging, in substance, that appellee had warranted said machinery, and that same was defective, setting out various defects in the different parts of said machinery, alleging he had paid appellee $1,000 on said machinery, and that what he had paid was more than said machinery was worth, and that there was an entire failure of the consideration for said notes, etc.

The court submitted the case on special issues. In answer to the first three special issues submitting appellee's theory of the case, the jury found as follows:

"(1) The plaintiff, H. J. Harvison, did sell and deliver to the defendant said threshing outfit in question.

"(2) The trade was finally closed and the threshing outfit in question accepted at the time it was delivered to the defendant, Guy M. Young, in its then condition.

"(3) The said defendant has paid on said notes the sum of $400."

Immediately following the above three issues, the first and second of which the jury answered in the affirmative, the court instructed as follows:

"If you have answered 'yes' to special issues Nos. 1 and 2, and in answer to special issue No. 3 you have found the sum that the defendant has paid on said notes in question, then you will not answer the following special issues nor consider this case any further."

Then follow special issues 4 to 11, inclusive, presenting appellant's theory of the case, none of which were answered, propounding in substance the following:

"(4) At the time of the execution and delivery of said notes, did the plaintiff represent and guarantee that said threshing outfit was in a condition to do first-class work?

"(5) Was said threshing outfit in good running order as represented and guaranteed by plaintiff, if he did do so, when turned over to defendant, and in a condition to do first-class work?

"(6) At the time of the execution and delivery of the notes, did the defendant rely upon any representations made by the plaintiff, if any, that if said threshing machine did not do first-class work that he would repair the same?

"(7) At the time payments were made on the notes, did defendant rely upon representations, if any, that plaintiff would repair the threshing outfit and make any changes from its original condition when received, if same had been received and accepted?

"(8) Was the failure of the threshing outfit to do first-class work, if you believe such to be the case, on account of the way it was operated by the defendant and his employees?"

"If you have answered that the plaintiff guaranteed said threshing outfit to be in good condition and do first-class work, as alleged against him by the defendant, then you will make answer to the following issue:

"(9) Would the defendant, Young, have made said purchase and have executed said notes in question had said representations, if any, not been made?

"(10) What was the reasonable value of said threshing outfit in the condition in which it was at the time same was delivered to defendant by plaintiff?

"(11) What sum, if any, is defendant indebted to plaintiff, H. J. Harvison?"

The court entered judgment for appellee for the amount of the two notes sued upon, less the credit of $400, and foreclosed the mortgage lien on the threshing outfit.

### Opinion.

[1, 2] Under appellant's first assignment, he contends that the above charge of the court as a whole was erroneous and was equivalent to a peremptory instruction for appellee. The record discloses that the thresher outfit was a secondhand one, which had been used by appellee; that in June, 1920, he agreed to sell same to appellant for $1,675. As to the terms of the sale, appellee testified:

"I sold Guy that machine with a guarantee that it was to run. I was to overhaul it, and I agreed to take it out and start it, and if it run in the first crop he was to receive it or not receive it; he was the judge. * * * He came down to my house then, and we talked it over, and I was to overhaul it and take it out and try it on any crop in the valley, and if it run all right, then it was his machine, and if it didn't, it wasn't no trade. He said that was fair enough."

The wife of appellee testified substantially as her husband to the above agreement. When the threshing season opened, after appellee had overhauled said threshing outfit, it was moved out to the first crop to be threshed about the last of June or first of July, and appellee and E. O. Harrell started it up, and after it had run for some time, but before said crop was finished, both appellee and Harrell testified that appellant said it was all right, and that appellant then and there accepted said threshing machinery, and that they returned to town. The record discloses that appellant continued to run said thresher during the threshing season of 1920, and about the close of said season, September 16, 1920, he executed the two notes sued upon for the balance of the purchase price, having in the meantime made the down payment of some $500, and that appellant continued to use said thresher for the years 1921, 1922, and 1923, making four years he used same, without any complaint of any real defect in said machinery; and while in his answer pleading failure of considera-. tion, he pleaded several respects in which he claimed said machinery was defective, yet he produced no evidence of any defect, but in his direct evidence complained only because appellee had not taken and sold said machinery under the power conferred upon him in the chattel mortgage and pledge agreement, and testifying as follows:

"If after he had seized and sold the property and carried out the contract, if there had

been a deficiency, or not enough to have paid it off, I would have paid it."

[3] On cross-examination appellant testified to the effect that he did not accept said thresher the day the first threshing was done. He admitted he continued to run it that season, and, after having run it that season, he executed the notes, but claimed appellee guaranteed it to run well and to do first-class work, and claimed it had never run well. He admitted he run the thresher four years, 1920, 1921, 1922, and 1923, but contended it had never run like it should have, and he insisted in 1923 that appellee take it back, claiming it did not give satisfaction, as, he claims, appellee had guaranteed it would. As above stated, the jury found in answer to the second special issue that the trade was finally closed and the threshing outfit in question accepted at the time it was delivered to the defendant, Guy M. Young, in its then condition. We think this finding of the jury is amply supported by the evidence, and, being an affirmative finding in favor of appellee's contention of the terms of the trade, and that appellant, after seeing the thresher tried out, accepted same in its then condition, was necessarily a finding against appellant as to all his contentions of a failure of consideration and a continuing guaranty on the part of appellee. And we think the court's charge was substantially correct in instructing the jury that if they answered this issue in the affirmative then they need not answer the other issues, which were intended to present appellant's defensive matters only in the event this issue was answered in the negative. But if the court's charge was not as full and explicit as it should have been, said charge did in a general way present the issues as made by the pleading and evidence, and, as appellant presented no objection to the manner in which said issues were presented, he cannot now be heard to complain. Article 1971, Vernon's Sayles' Civil Statutes, and cases cited. We overrule this assignment.

[4] Under other assignments, appellant contends that the court erred in rendering judgment for appellee, because he had failed to exercise the power of sale given him in the chattel mortgage and pledge agreement to sell said property and apply the proceeds to said debt herein sued upon, etc. Both the pledge agreement and the chattel mortgage provided, in effect, that if default was made in the payment of said notes at maturity, the holder is hereby invested with full authority to use, transfer, hypothecate, sell or convey said property at public or private sale, etc., and apply the proceeds of such sale to payment of said notes, etc. The pledge agreement was probably of no consequence in any event, as the threshing outfit was never in the possession of appellee after he sold and delivered same to appellant; but whether it was or not is immaterial. These two instruments in the usual phraseology conferred upon appellee the right to take said property and sell same and apply the proceeds to the payment of said notes in case they were not paid at maturity, but there was no obligation upon appellee to pursue this remedy. He had the right or privilege to pursue this remedy, if he could obtain possession of said property without committing a breach of the peace, but he had the same right or privilege to file suit and foreclose in court. Appellee had the right to select either remedy, and the fact he elected to foreclose in court could not afford any grounds for complaint to appellant.

We overrule all appellant's assignments, and affirm the judgment of the trial court.