## WAGLEY v. WAGLEY. (No. 426.)

Court of Civil Appeals of Texas. Eastland.
Jan. 6, 1928.

Rehearing Denied Jan. 27, 1928.

1. **Appeal and error** ☞1126—**Motion to affirm judgment on certificate must be allowed, where bill of exceptions, transcript, and statement of facts are not filed within time granted (Rev. St. 1925, art. 1841; Court of Civil Appeals rule 11a).**

Where on appeal no statement of facts, bills of exceptions, or transcript of proceeding have been presented to appellate court within time granted, and motion was made to affirm on certificate meeting requirements of Rev. St. 1925, art. 1841, and Court of Civil Appeals rule 11a, *held* the judgment must be affirmed on certificate.

2. **Appeal and error** ☞1127—**Court held not authorized to reform judgment, where right to appeal was forfeited (Rev. St. 1925, art. 1841).**

Where, in reply to motion to affirm on certificate made after time granted to file statement of facts, bill of exceptions and transcript of record had expired, it was insisted judgment did not dispose of all issues and portions of judgment were void and that court should reform it, *held* that, right to appeal being forfeited, court is not authorized to reform judgment under Rev. St. 1925, art. 1841, providing for affirmance on certificate.

Appeal from District Court, Shackelford County; M. S. Long, Judge.

Action by Avus M. Wagley against Oma F. Wagley. Judgment for plaintiff, and defendant appeals. Motion by plaintiff to affirm on certificate granted, and judgment affirmed.

G. B. King, of Albany, for appellant.
J. Lee Cearley, of Cisco, for appellee.

LESLIE, J. [1] This case was tried June 30, 1927, at a term of the district court of Shackelford county, convening June 27, 1927, and ending July 15, 1927. Judgment was for the plaintiff, and the defendant excepted, gave notice of appeal, and was granted 90 days in which to file bills of exception, statement of facts, etc. Supersedeas bond was approved and filed August 2, 1927.

No statement of facts, bills of exception, or transcript of the proceedings have been presented to this court and no explanation offered for a failure to do so.

Motion by appellee to affirm on certificate was filed herein November 2, 1927. It meets the requirements of article 1841, R. S. (1925) and rule 11a, Court of Civil Appeals (142 S. W. xi), and must be sustained.

[2] In a manner, appellant resists appellee's right to an affirmance and in reply to such motion insists that the judgment does not dispose of all the issues in controversy, and that portions of the judgment are void, and that this court should reform and affirm it. If the judgment and proceedings of the trial court could be in that way presented to this court for review, appellant could circumvent the law that prescribes how the proceedings in a trial court must be presented for consideration in the appellate court. The appellant having forfeited his right to a hearing on appeal, this court is not authorized to modify or reform the judgment.

Justice Brown in Dandridge et al. v. Masterson, 105 Tex. 511, 152 S. W. 166, in discussing the authority of this court in disposing of such a motion as that before us, says:

"The authority of the Court of Civil Appeals is given by [this] article [1841, R. S.] alone, and its terms are plain and simple. The copy of the judgment of the trial court, notice of appeal, and bond as presented were a full compliance with the law, and the Court of Civil Appeals was required by law to perform an act summary in its character which called for the exercise of neither judgment nor discretion."

The motion to affirm on certificate is granted, and the judgment is affirmed.