**FORT WORTH & D. C. RY. CO. v. KIRBY.**
(No. 3009.)

Court of Civil Appeals of Texas. Amarillo.
April 11, 1928.

Rehearing Denied May 2, 1928.

**1. Railroads ⚖️412(4)—Railroad having fenced right of way must maintain gates in such condition as, under ordinary circumstances, to effectually turn live stock of ordinary disposition and docility (Rev. St. 1925, arts. 6321, 6402).**

Under Rev. St. 1925, arts. 6321, 6402, it is duty of railroad company, if it has fenced its right of way, to maintain same and gates, if any, in such condition as, under ordinary circumstances, to effectually turn live stock of ordinary disposition and docility, and instruction to this effect in action for damages to live stock did not place too great a burden on railway company.

**2. Appeal and error ⚖️232(3)—Defendant, not having objected to charge on ground that it was general, waived right to present error on appeal.**

Where defendant made no objection to charge on ground that it was general and should not have been given to jury, where case was submitted on special issues, it waived its right to present this error on appeal.

Appeal from District Court, Wilbarger County; Robert Cole, Judge.

Action by Harper Kirby against the Fort Worth & Denver City Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed, as reformed.

Thompson & Barwise, of Fort Worth, and L. P. Bonner and Storey, Leak & Storey, all of Vernon, for appellant.

Berry, Stokes, Warlick & Gossett and Killough & Dotson, all of Vernon, for appellee.

RANDOLPH, J. This suit was filed by Harper Kirby, as plaintiff, against the Fort Worth & Denver City Railway Company, as defendant. The case was submitted to a jury upon special issues, and, on the verdict returned, judgment was rendered for the plaintiff, and defendant has perfected this appeal.

The suit was based upon damages to plaintiff, alleged to have been caused by the killing and injury of cattle belonging to him. The plaintiff owned a farm which was crossed by defendant's railway. The right of way easement for this crossing had been conveyed by the plaintiff to the defendant by deed, the consideration of which was $205 cash, and also the further consideration that—

The railway company, "shall, whenever it fences the right of way herein described and conveyed, have three crossings across its track, each thirty feet wide, properly protected by cattle guards, one crossing to be at the east boundary of the tract of land over which right of way is hereby conveyed, and one at its western boundary, and one at or near the one-half of the distance between said boundaries by the railroad track, the exact point of the latter crossing to be agreed upon between the parties hereto at the time said fence shall be constructed."

The railway company fenced the land and put in a gate at the middle crossing, the one in question, which gate is described by the plaintiff as being in a bad state of repair and so defective as to permit the egress of the cattle on to the right of way.

The facts and circumstances testified to by the various witnesses show that the cattle escaped through the gate, by reason of its defects, on to the railroad track, and were there killed or injured by the defendant's train.

[1] The defendant assigns error upon the following part of the trial court's charge, to wit:

"You are instructed that, as a part of the law of this case, that it is the duty of the railroad company, if it has fenced its right of way, to maintain the same and gates, if any, in such condition as, under ordinary circumstances, to effectually turn live stock of ordinary disposition and docility."

The ground of the exception taken by the defendant to the charge, at the time it was submitted, was that it places upon defendant a greater burden than that imposed by law.

Article 6321, Revised Civil Statutes 1925, provides:

"All railway corporations in this state, which have or may fence their right of way, may be required to make openings or crossings through their fence and over their roadbed along their

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

right of way every one and one-half miles thereof. If such fence shall divide any enclosure, at least one opening shall be made in said fence within such enclosure. Such crossing shall not be less than thirty feet in width, and shall be made and kept in such condition as to admit of the free and easy passage of vehicles and domesticated animals."

Article 6402 of said statutes provides that the railroad company, where it has killed stock, shall be liable for injury resulting only from a want of ordinary care, where it has its road fenced.

The Supreme Court, answering a certified question in the case of Texas Central Ry. Co. v. Pruitt, 101 Tex. 548–552, 109 S. W. 925, 927, says:

"* * * In our opinion, * * * it is the duty of a railroad company, after it has fenced in its right of way, to maintain the fence in such condition as under ordinary circumstances to effectually turn live stock of ordinary disposition and docility. * * *"

The trial court's charge is substantially in the language used in this opinion.

In the Pruitt Case, the Supreme Court further holds, quoting with approval from Cleveland, C., C. & I. Ry. Co. v. Swift, 42 Ind. 119, as follows:

"If the railroad company allow an opening to be made in the fence and left insecure, it cannot any longer be said that the road is securely fenced, and the company is, by the statute, liable for the animals killed, without any proof of negligence on the part of the company."

In the case of M., K. & T. Ry. Co. v. Tolbert, 100 Tex. 483, 101 S. W. 206, it is held by the Supreme Court that a fence so out of repair as to be ineffective as a fence is no defense to injury to stock by being on the railroad track, and is controlled by the statute applicable to unfenced tracks.

We overrule the objection to the charge that it placed too great a burden on the defendant.

[2] Defendant's contention that the quoted charge is a general charge and should not have been given to the jury, where the case was submitted on special issues, is overruled. No objection to the charge was made upon that ground prior to its being given; hence the defendant waived its right to present this error here. Ran v. City National Bank (Tex. Civ. App.) 272 S. W. 510; Young v. Harvison (Tex. Civ. App.) 283 S. W. 687; Bryan v. Sinclair Oil & Gas Co. (Tex. Civ. App.) 1 S. W.(2d) 917.

There was no request for a correction of the trial court's judgment because of the fact that it was excessive, and such objection is raised here for the first time; hence the correction will be made and the judgment will be credited with the amount of $39.50, admitted error by the plaintiff, and to that extent will be reformed, but the costs of appeal will be taxed against the defendant notwithstanding.

Having considered all assignments and propositions, and finding no reversible error, we affirm the trial court's judgment, as reformed.

### On Motion for Rehearing.

We were in error in holding that there was no request for a correction of the trial court's judgment because it was excessive, and that such objection was raised here for the first time.

It appears that the objection was raised in the motion for a new trial and should have been considered by us.

We therefore grant the motion for rehearing, in part, and here render judgment taxing the costs of appeal against the appellee, and, as corrected, the motion is, in all other respects, overruled, and the judgment affirmed, as in the first instance.