IRA BRADEN v. SCHERER TOWN LOT & IMMIGRATION COMPANY.

Decided May 21, 1910.

**1.—Broker—Dual Capacity—Commissions.**

It is well settled that a person can not, act in the capacity of agent for both buyer and seller and recover commissions from both or from either party unless he should so act with the full knowledge and consent of both parties.

**2.—Same—Evidence.**

Evidence in a case in which a land agent sued for commissions upon an exchange of properties considered, and held that he was not entitled to recover, on the ground that he had represented both parties in the transaction without the knowledge or consent of the defendant.

Appeal from the County Court of Deaf Smith County. Tried below before Hon. W. H. Russell.

*Barcus & North,* for appellant.— It is against public policy for one to act as broker for both parties unless that fact is fully communicated to them, and a broker cannot, without his principal's knowledge, agree to represent the other party to the transaction, such agreement being contrary to public policy and void. Bass v. Tolbert, 51 Texas Civ. App., 437; Armstrong v. O'Brien, 83 Texas, 635; Mechem on Agency,

pars. 643 and 798; Tinsley v. Penniman, 12 Texas Civ. App., 591; Cannell v. Smith, 12 L. R. A., 395; Leathers v. Canfield, 45 L. R. A., 33, especially note page 45.

*Knight & Slaton,* for appellee.

CONNER, CHIEF JUSTICE.—The appellee company instituted this suit against appellant to recover reasonable compensation for services relating to an exchange of land between appellant and one Brockman. It was alleged that the appellee was a real estate broker and that appellant had listed with it for sale or trade, about four hundred and seventy acres of land situated in Huerfano County, Colorado, priced at fifteen thousand, seven hundred and fifty dollars; that afterwards, appellee secured a purchaser of this land in one W. I. Brockman; that appellant and Brockman agreed to an exchange of lands whereby appellant acquired Brockman's property in Deaf Smith County and Brockman acquired appellant's property in Colorado.

Omitting pleas not necessary to notice, appellant answered that appellee was not his agent; that he had never agreed to pay the company any commission, but on the contrary, that appellee acted in the exchange as the agent of Brockman; that Brockman had listed his property with appellee; had agreed to pay it a commission, and that appellee, in fact, had collected a commission from Brockman.

The case was tried before a jury which rendered a verdict in appellee's favor for the sum of three hundred and sixty-two dollars and fifty cents, and judgment was entered accordingly.

In various forms, appellant insists that the evidence required a verdict and judgment in his favor and we think the contention must be sustained. Appellee has not briefed the case, but from the statement of evidence in appellant's brief, which, in the absence of reply we are authorized under the rules to accept, and also from such examination of the evidence as we have been able to give, it seems undisputed that soon after appellant listed his property with the appellee company, Brockman also listed his property with the appellee, at the time specifically agreeing to give it a commission of five percent upon a sale or trade of his property. No specific agreement was made with appellant for commissions, and it further seems undisputed that after Brockman listed his property, a member of the appellee firm sought out appellant and brought the parties together; that after the exchange had been agreed upon between appellant and Brockman, appellee collected of Brockman its commissions. It seems also undisputed that at no time prior to the exchange of property did appellant have any knowledge that appellee was representing Brockman as agent.

It is well settled that a person cannot act in the capacity of agent for both buyer and seller and recover commissions from both, or from either party, unless he should so act with the full knowledge and consent of both parties. The principal is entitled to the undivided judgment and skill of his agent, and the law will not assume that this is to be attained when his agent is to receive commissions from the person with whom his principal is dealing at arm's length. It is only

in cases where the principal has knowledge of the dual capacity in which his agent acts, that the law will raise and enforce an obligation on the part of the principal having such knowledge to pay a reasonable compensation. Armstrong v. O'Brien, 83 Texas, 635; Slaughter v. Coke County, 34 Texas Civ. App., 598, (79 S. W., 863); Bass v. Tolbert, 51 Texas Civ. App., 437, (112 S. W., 1078); Mechem on Agency, paragraphs 643 and 798; Tinsley v. Penniman, 12 Texas Civ. App., 591, (34 S. W., 365); Cannell v. Smith, 12 L. R. A. 395; Leathers v. Canfield, 45 L. R. A. 33.

We conclude that the judgment should be reversed and here rendered for appellant, Ira Braden, and it is so ordered.

*Reversed and rendered.*