## BUCK v. WOODSON.    (No. 1479.)

(Court of Civil Appeals of Texas.    Amarillo.
Feb. 12, 1919.)

1. BROKERS &3c;53 — REALTY BROKER — PRO-
CUREMENT OF SALE — BURDEN TO ALLEGE
AND PROVE.

Realty broker, suing for commission earned
in selling land, was required to allege, and prove
affirmatively, to establish his case, that he was
procuring cause of sale.

2. BROKERS &3c;88(3)—REALTY BROKER—PRO-
CUREMENT OF SALE—QUESTION FOR JURY.

In realty broker's action for commission for
having procured sale, whether plaintiff was pro-
curing cause of sale held for jury.

3. BROKERS &3c;82(2)—REALTY BROKER—AN-
SWER—EXCEPTION.

In realty broker's action for commission for
having procured sale, defendant's answer, facts
not showing affirmatively plaintiff procured sale
as made, but negativing it was so procured, al-
leging specifically facts in connection with
charge of double agency, which constituted de-
fense, held not subject to exception on ground
it did not negative plaintiff was procuring cause
of sale.

4. BROKERS &3c;56(3) — REALTY BROKER —
RIGHT TO COMMISSION—SALE BY OWNER.

If broker, employed to sell land, finds pur-
chaser, and purchaser is induced to apply to
owner through broker, owner is liable on con-
tract with broker, when he effects sale satisfac-
tory to himself.

5. BROKERS &3c;67(2)—REALTY BROKER—AC-
TION FOR BOTH PARTIES—COMMISSION.

Realty broker cannot act for buyer and sell-
er, and recover commission from both, and can-
not recover from either unless he acted with full
knowledge and consent of both, even though his
principal, the seller, was not in fact injured, or
he intended no wrong, or the other party, the
buyer, acted in good faith.

6. BROKERS &3c;67(1)—REALTY BROKER—AC-
TION FOR BOTH PARTIES—RIGHT TO COMPEN-
SATION.

Where realty broker brought together his
principal, with land for sale, and another per-
son, for whom he was acting to effect exchange,
in which event he would have received commis-
sion from both without either having knowledge
of double agency, law will not give effect to
illegal act by awarding him commission against
principal with land for sale, simply because
other principal did not exchange lands, but sold
them, and bought lands of first principal.

7. BROKERS &3c;46—REALTY BROKER—RIGHT
OF OWNER TO SELL.

Ordinarily an owner of land may sell, even
though he has listed it with a broker.

8. BROKERS &3c;67(1) — REALTY BROKER —
RIGHT TO COMMISSION — ACTION FOR BOTH
PARTIES.

Owner of land, whose broker to sell was
acting for third person with land to exchange,
in order to receive commission from each, was
not required to treat third person, who bought
land after selling his own, as purchaser produc-
ed by broker, but could treat broker as agent of
third person, not entitled to commission from
him.

9. TRIAL &3c;194(11) — INSTRUCTION ON
WEIGHT OF EVIDENCE.

In broker's action for commission, instruc-
tion that if plaintiff had contract with defend-
ant to sell land, and no contract of exchange,
and if third person was procured as one who
would trade for defendant's land, and was in-
troduced for that purpose, jury should find
for defendant, held properly refused as on
weight of evidence.

Appeal from Crosby County Court; Pink
L. Parish, Judge.

Suit by R. Taylor Woodson against James
T. Buck. From judgment for plaintiff, de-
fendant appeals. Reversed, and cause re-
manded.

J. A. Buck, of Crosbyton, for appellant.
J. W. Burton, of Crosbyton, for appellee.

HUFF, C. J. Woodson, as a real estate
broker, sued Buck for a commission, alleging
that he procured a purchaser for a section of
land owned by Buck in the person of Geo. W.
Baker, to whom Buck sold the land there-
after; that theretofore appellant listed the
land with appellee for sale, agreeing, if appel-
lee secured a purchaser, and brought about
a sale for such price as appellant should ac-
cept, to pay appellee a commission of 5 per
cent. on the full amount of the selling price,
alleging the price received on the sale of the
land, and the commission earned thereby to
be $603.05.

After a general denial, the appellant plead-
ed: (2) That he listed his land with appel-
lee, to be sold for $20 per acre, or a total of
$17,445, and that the listing did not authorize
an exchange of land; that Baker was not pre-
sented to appellant as a prospective pur-
chaser of the land, but was brought by appel-
lee to appellant with the statement that Ba-
ker would probably exchange other lands for
appellant's land, but nothing was said with
reference to Baker's being a prospective pur-
chaser. (3) At the time mentioned appellee
was representing Baker, and not defendant,
and had Baker's land listed for sale or ex-
change, and was to receive a commission
from Baker in case he was successful in mak-
ing the deal. (4) Appellant, a few days after
the discussion to exchange the land, showed
Baker the land, unassisted by appellee, who
was not then in the country. (5) That about
the 14th day of August, 1915, unassisted by
appellee, appellant sold to Baker the land.
(6) That appellant did not know that appel-
lee had Baker's land listed for sale or ex-
change at the time appellee brought Baker to
appellant. There was no knowledge on the

part of either Baker or appellant that appellee was expecting a commission out of the other, "and said silent understanding with himself was a fraud upon defendant."

The appellee excepted specially to each of the paragraphs Nos. 2 to 6, inclusive—the effect of the exceptions being that the answer did not allege that the sale did not grow out of the introduction lof the parties to exchange; that it is immaterial to plaintiff's cause of action whether he had Baker's land listed or not, as it nowhere alleges that appellee 'took Baker's land as part of the sale as finally made; .that there was no allegation that.an exchange was consummated, and for that reason the contract between appellee and Baker is immaterial, there being no allegation that appellee had collected, or would attempt to collect, commission from Baker, and for that reason there was no fraud practiced. The trial court sustained each of the exceptions to all of the named paragraphs of the answer, and the case was tried upon appellant's general denial. The appellant excepted to the action of the court in sustaining the exceptions and assigns error thereon.

On the trial of the case the appellant offered to prove by Baker that at the time appellee carried him to see appellant, proposing an exchange of lands, that he (Baker) had his lands listed with appellee for sale or exchange, and was to pay appellee a commission in case of such sale or exchange. The bill of exception recites that Baker would have so testified. The appellant also offered to testify that at that time he had no knowledge that appellee was acting for Baker as agent in offering the exchange or to sell his land. Upon objection being made by appellee to the proffered testimony, on the ground that it was immaterial, the court sustained the objection and refused the introduction of the testimony, to which proper bills of exception were taken and assignments presented in this court.

The evidence upon the trial in part shows that Baker saw appellee's advertisement of the land and other land, and called on him, and, after getting a description of the land, said he would take the land if appellee would take his land in exchange. It appears that appellee called on appellant about the proffered trade, but appellant stated he wanted to sell, but further said he would see about it. Appellee then took Baker to see appellant, and when the proposition of exchange was made appellant stated that he wanted to sell. Appellee was then ready to leave the country for an extended trip, and stated to the parties what.they did would be all right with him. Appellant took Baker to look at the land, and in discussing the exchange Baker priced his land double in value to that of appellant's, if an exchange could be effected. Baker could not buy appellant's land, unless he could effect an exchange or sell his land.

When appellant refused to exchange, he asked for time to sell his land, and it would appear that he was given a few days, and in the meantime, through another agent, Baker sold his land, and then bought appellant's land, paying about $15 per acre, or about what appellant had in it; the deed reciting a cash consideration of $650 and the assumption of six notes against the land, for the principal sum of $1,630 each, with 6 per cent. interest.

The jury in answer to the only issue submitted, found that the appellee was the procuring cause of the sale made by appellant to Baker. The court rendered judgment for the amount sued for upon the findings of the jury.

We shall not notice the first and second assignments of error, and not discuss them, as they relate to the sufficiency of the testimony.

The fourth, fifth, seventh, and eighth assignments assail the action of the court in sustaining the exception to the answer and the exclusion of the testimony offered.

[1-5] The appellant did not have to negative by his answer that appellee was the procuring cause of the sale. That was an affirmative fact, which appellee was required to allege and prove, to establish his case. The appellee had the right to allege any fact showing that the sale was not brought about or consummated by the appellee. It was for the jury, under all the facts, to say whether appellee was the procuring cause. The facts alleged did not show affirmatively that appellee procured the sale as made, but negatived that such wasl so procured. We think that such of the exceptions, which assail the answer because it·does not negative that appellee was the procuring cause, should have been overruled. It is probably true that all the facts so alleged were admissible under a general denial, but it was not error to allege specifically the facts which constituted the defense. Especially were these facts proper to be alleged in connection with the charge of double agency.

It is urged by appellee that the evidence is sufficient to support the finding of the jury that appellee was the procuring cause of the sale, and, that being established, the question of double agency becomes immaterial, as it was shown the exchange was not effected, or a sale of Baker's land made, by appellee. It is true, if the broker, employed to sell land, finds the purchaser through his efforts as the agent of the owner, and the purchaser is induced to apply to the owner through the means employed by the broker, the owner is liable on his contract with the broker, when the owner effects a sale with the party so produced satisfactory to himself. The broker is entitled to his compensation, if he leaves the negotiations to the owner after so producing the purchaser. Graves v. Bains, 78 Tex. 92, 14 S. W. 256; Hodde v. Malone, 196 S. W. 347; Masters v. Hunt, 197 S. W. 219; Hancock v. Stacy, 103 Tex. 219, 125 S.

W. 884; Shaw v. Faires, 165 S. W. 501; Webb v. Harding, 159 S. W. 1029; Parks v. Sullivan, 152 S. W. 704; Martin v. Jeffries, 172 S. W. 148; Akers v. Moore, 209 S. W. 241, this day handed down by us.

It is also the rule established in this state that a broker cannot act in the double capacity for both buyer and seller, and recover a commission from both. On grounds of public policy, such agent will not be allowed to recover compensation from either party, unless he acts with full knowledge and consent of both principals: it will not affect the rule if the principal was not in fact injured, or that the agent intended no wrong or that the other party acted in good faith. Armstrong v. O'Brien, 83 Tex. 635, 19 S. W. 268; Moore v. Kelley, 162 S. W. 1034; Bass v. Tolbert, 51 Tex. Civ. App. 437, 112 S. W. 1077; Braden v. Scherer, etc.; 61 Tex. Civ. App. 240, 128 S. W. 1159; Tinsley v. Penniman, 12 Tex. Civ. App. 591, 34 S. W. 365; Yoakum v. Gossett, 200 S. W. 582; Mechem on Agency, vol. 1, § 1206; 4 R. C. L. "Broker," § 64, p. 328.

[6, 7] It appears to be appellee's contention, because, as the sale was finally consummated, the appellee could not recover a commission from Baker, as his land was not exchanged for appellant's or sold by appellee, that his contract for a commission, when he brought appellant and Baker together, becomes immaterial, and that such effort of his inducing Baker to apply to appellant would support a finding that appellee was a procuring cause. According to the allegations in the answer, when appellee brought appellant and Baker together, he did so to effect an exchange of land, in which event he was to recieve a commission from both, without either having knowledge of his double agency. The facts upon the trial show that he did not effect an exchange, and did not sell Baker's land. Although he brought the parties together to earn a double commission, it is urged nevertheless by so doing he was the procuring cause, and hence entitled to compensation in accordance with his agency contract made with appellant. The law denounces his act, an agreement for double compensation, upon which he relies, as illegal. We do not believe the law will give effect to his illegal act, or purge it of the taint, simply because he did not effect his illegal purpose. This illegal act, being the genesis of that which made him the efficient and procuring cause of the sale, would not entitle him to compensation. Subsequent to bringing the parties together, and before he knew whether an exchange would be effected or not, he left the parties, and had nothing more to do with consummating the sale. The owner and Baker closed the trade on different terms to that upon which appellee had brought them together. In such event it seems to us, the holding in Pryor v. Jolly, 91 Tex. 86, 40 S. W. 959, would apply.

[8] Ordinarily, the owner may sell, even though he has listed his land with the broker. Under the allegations of the answer, good faith did not require appellant to treat Baker as a purchaser produced by appellee as his agent; but he could treat him as the agent of Baker, which in fact he was under the allegations of the answer. If, under sufficient evidence, a jury should find the allegation of double agency true, as alleged, judgment should be entered for appellant. We think the court was in error in sustaining each of the special exceptions, and also erred in sustaining the objections to the testimony offered.

[9] This disposition, perhaps, renders it unnecessary to consider other assignments; but we will notice the third, which asserts error in refusing to give a requested charge to the effect that, if appellee had a contract with appellant to sell the land and no contract to exchange, and if Baker was procured as one who would trade his land for appellant's, and was introduced to appellant for the purpose of exchanging land, then the jury should answer the issue submitted in the negative. The issue presented by the pleadings, after sustaining the exceptions, only left the issue of whether appellee was the procuring cause of the sale which was effected between appellant and Baker. While the evidence shows Baker sought an exchange, it yet indicates he desired to purchase the land, provided he could sell. He asked time for sale, which was granted, and he did sell, and after sale bought from appellant, and the evidence would indicate a continuing negotiation. We believe, under the pleadings, to have selected out the proposition of exchange, and to have directed the jury that a failure to make the exchange would authorize a finding that appellee was not the procuring cause, would have been a charge upon the weight of the evidence and for that reason the court properly refused the charge. Cornelius v. Burford, 28 Tex. 303; Hildt v. Webster, 60 Tex. 207; Gallagher v. Neilon, 121 S. W. 564; White v. Epperson, 32 Tex. Civ. App. 162, 73 S. W. 851.

It will be unnecessary to discuss other assignments. For the reasons above stated, the judgment of the trial court will be reversed, and the cause remanded.