## HOLLOWAY et al. v. TEXAS INDEMNITY INS. CO.

### No. 1243—5747.

Commission of Appeals of Texas, Section B.
June 10, 1931.

Clark & Clark, of Fort Worth, for plaintiffs in error.

Goree, Odell & Allen and L. L. Gambill, all of Fort Worth, for defendant in error.

LEDDY, J.

On November 10, 1928, claim was filed before the Industrial Accident Board by plaintiff in error in which he sought an award for compensation against defendant in error on account of a hernia alleged to have been sustained on December 12, 1926, while engaged in the performance of his duties as an employee of the Magnolia Petroleum Company, to whom defendant in error had issued a policy of insurance under the Workmen's Compensation Law.

From an award sustaining the claim, defendant in error duly prosecuted its appeal to the district court. Plaintiff in error filed the usual cross-action in which he sought to excuse his failure to file a claim before the Industrial Accident Board within six months after the injury, as required by section 4a, article 8307, R. S. 1925. In his plea it was averred that immediately after the accident he informed his employer, the Magnolia Pe-troleum Company, he had sustained a hernia and received the assurance that the company would file his claim before the Industrial Accident Board and he did not learn of its failure to do so until November 10, 1928, at which time he promptly presented his claim to the board.

The jury found in answer to special issues that plaintiff in error did inform his employer of the injury and it promised to present his claim to the Industrial Accident Board, which promise was relied upon by him.

Upon these, and other findings favorable to plaintiff in error, judgment was rendered in his favor against defendant in error for a lump-sum recovery.

The Court of Civil Appeals, 30 S.W.(2d) 921, reversed and remanded the case for another trial upon the sole ground that the trial court erred in applying the usual rule requiring plaintiff in error to establish before the jury the fact he had sustained a hernia, as alleged, by a preponderance of the evidence, holding that under the Compensation Law he should have been required to establish such fact beyond a reasonable doubt.

We are unable to concur in the conclusion of the Court of Civil Appeals that in a trial before a jury in the district court on appeal from an award of the Industrial Accident Board, the claimant, in hernia cases, rests under the burden of establishing before the jury facts essential to a recovery beyond a reasonable doubt.

The holding of the Court of Civil Appeals is based upon its interpretation of section 12b, art. 8306, R. S. 1925, which provides:

"In all claims for hernia resulting from injury sustained in the course of employment, it must be definitely proven to the satisfaction of the board:

"1. That there was an injury resulting in hernia.

"2. That the hernia appeared suddenly and immediately following the injury.

"3. That the hernia did not exist in any degree prior to the injury for which compensation is claimed.

"4. That the injury was accompanied by pain."

The provision for appeal by the insurer from an award of the board is found in section 5, art. 8307; the same being as follows: "If the final order of the board is against the association, then the association and not the employer shall bring suit to set aside said final ruling and decision of the board, if it so desires, and the court shall in either event determine the issues in such cause instead of the board upon trial de novo and the burden of proof shall be upon the party claiming compensation."

■■ It will be observed that the provisions of section 12b, art. 8306, do not purport to deal with the procedure in a trial before a jury on appeal from an award of the board. In section 5, art. 8307, where such procedure is dealt with, we find a declaration that the trial in the district court shall be de novo "and the burden of proof shall be upon the party claiming compensation." Applying the well-known statutory rule of construction requiring our courts in interpreting legislative acts to give words not specially defined their ordinary and usual meaning, the phrase "burden of proof" must be given its well-accepted meaning in civil cases, which is that the one upon whom the burden rests must establish facts essential to entitle him to the relief sought by a preponderance of the evidence.

■ We think a proper construction of the provision of section 12b, art. 8306, that certain facts must be definitely established to the satisfaction of the board, is that it was intended as a rule to govern the board in reaching a decision as to compensation in hernia cases and also as a guide to the court when the case is tried de novo in weighing the evidence against an objection that it is insufficient to sustain a jury's findings.

This construction of the statute is fully justified when the fact is taken into consideration that the Legislature knew at the time of the passage of section 12b, art. 8306, similar provisions in other statutes had been interpreted by the courts of this state as being merely a guide to the court and not as operating to change the rule of procedure in jury trials as to discharging the burden of proof by a preponderance of the evidence.

The construction by our courts of similar language in other statutes is illustrated in the statute in regard to divorce. Article 4632, R. S. 1925, contains the declaration that a divorce shall be rendered only "upon full and satisfactory evidence, upon the judgment of court affirming the material facts alleged in the petition." Our Supreme Court, in Moore v. Moore, 22 Tex. 237, in discussing the effect of the above language, says: "There must be the 'full and satisfactory evidence,' and 'the verdict of a jury;' both must concur, before the court can lawfully proceed to decree a divorce. It is to the mind of the court, of course, that the statute intends that the evidence shall be 'full and satisfactory.' Unless it be so, it is the duty of the court to set aside the verdict, and refuse a decree."

Similarly article 3348, R. S. 1925, requires certain facts to be established "to the satisfaction of the court" before a will may be admitted to probate. This clause has been held in a number of will cases not to change or modify the rule that a jury, in passing upon conflicting testimony, must decide according to the preponderance of the evidence. Bar-

tel's Estate (Tex. Civ. App.) 164 S. W. 859, 867; Reinhardt v. Nehring (Tex. Com. App.) 291 S. W. 873; Adams v. Adam (Tex. Civ. App.) 253 S. W. 605; Gallagher v. Neilon (Tex. Civ. App.) 121 S. W. 564, 569; Buck v. Woodson (Tex. Civ. App.) 209 S. W. 244, 246.

In view of the interpretation placed by the courts of this state upon these provisions in the divorce and probate statutes, with which the Legislature should be presumed to have been familiar, it must be assumed that if it had desired to change or modify the settled rule of procedure in cases in the district court coming under the provisions of section 12b, art. 8306, instead of using language which our courts have repeatedly held to be insufficient to accomplish such purpose, it would have employed language making its intention so clear and definite that its purpose could not be misunderstood.

While we conclude that the judgment of reversal by the Court of Civil Appeals cannot be sustained upon the ground assigned, nevertheless its judgment must be affirmed because defendant in error presented other assignments of error justifying the reversal.

The issue as to whether good cause existed for plaintiff in error's failure to file his claim within the required period was submitted by the court in the following form: "Did W. E. Holloway have good cause for not filing his claim with the Industrial Accident Board of Texas for injuries received in a hernia caused by cranking a truck of the Magnolia Petroleum Company, if you find that he received such injuries, within six months after the date of such injury?"

Defendant in error seasonably excepted to the submission of the issue, in the form in which it was proposed to be submitted to the jury, for the following reasons: "Because the evidence is insufficient to justify the submission of question No. 19 to the jury and for the further reason that said issue is irrelevant and immaterial as submitted, the same being, if issue there is, whether the said W. E. Holloway had good cause for failing to file his claim with the Industrial Accident Board prior to November 15, 1928, whereas, according to the pleading and his testimony, the injury which he claims to have sustained was in December 1926, and said question should be so framed and said issue so submitted as to cover the period of time between said alleged injury and the date said claim was actually filed rather than to be confined within the six months period alone."

■ This exception should have been sustained and the issue so framed as to require the jury to answer whether good cause existed for plaintiff in error's failure to file his claim before the Industrial Accident Board until November 10, 1028.

The exception which permits the filing of a claim for compensation after the six months' period is contained in section 4a, article 8307, R. S. 1925; it being as follows: "For good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing the claim before the board."

█ Clearly this provision operates to remove all cases arising under the Workmen's Compensation Law from the statute of limitation applicable in ordinary personal injury cases. In other words, where an employee's claim for compensation is filed within three years after the injury, if he is able to show good cause for the failure to file prior to that time, he would be entitled to the benefits of the act.

This being true, it logically follows it was not within the contemplation of the legislative body in enacting such provision that an employee who delayed filing a claim before the Industrial Accident Board for any number of years could recover compensation by merely showing that good cause existed for the first six months of the delay period. This would be a most unreasonable construction of the statute and would result in placing the burden upon insurance companies of attempting to defend compensation claims many years after the injuries were supposed to have been received and at a time when it would be difficult, if not altogether impossible, to produce any proof in regard thereto.

It was the evident purpose of the enactment of the provision in question to require a claimant to file claim within six months after his injury, and, if filed at a later period, he is not entitled to recover without an affirmative showing that good cause exists for the claim not being filed at an earlier date.

It cannot be said that because the jury found good cause existed for plaintiff in error's failure to file his claim for compensation with the Industrial Accident Board within six months after the injury occurred that if the issue had been submitted a similar finding would have been made justifying the delay in filing the claim for a period of practically two years. The jury may have concluded, as it did, that it was not unreasonable, for plaintiff in error to fail to take any action for six months in reliance upon the promise of his employer to file the claim for him, and at the same time have reached the conclusion that no good cause existed justifying his failure to file a claim for two years, when during all of this time he knew his employer's promise had failed to accomplish any result in securing for him the compensation to which he claimed to be entitled.

█ Plaintiff in error was not entitled to a lump-sum judgment as there was no evidence before the trial court from which a proper rate of discount could be determined. United States Fidelity & Guaranty Co. v. Mrs. W. R. Nettles (Tex. Com. App.) 35 S.W.(2d) 1045, not yet reported [in State report].

We recommend that the judgment of the Court of Civil Appeals ordering a reversal and remand of the cause for another trial be affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.