**TEXAS EMPLOYERS INS. ASS'N v. ROBERTS.**

**No. 13733.**

Court of Civil Appeals of Texas. Fort Worth.

April 1, 1938.

Rehearing Denied April 29, 1938.

T. R. Boone and Kearby Peery, both of Wichita Falls, for plaintiff in error.

Napier & Napier, of Wichita Falls, for defendant in error.

SPEER, Justice.

This appeal grows out of a suit which involved the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq. Appellee G. A. Roberts, as an employee of Tucker Oil Company, sued appellant Texas Employers' Insurance Association, as carrier, in a district court of Wichita county, by appealing from an order of the Industrial Accident Board denying him compensation for an injury alleged to have been sustained while in the course of his employment. The claim was denied by the board, as shown by its order, because appellee had not discharged the burden upon him to show "good cause" why he had failed to file claim within six months after sustaining the injury.

The case was tried to a jury on special issues. After setting aside the answer of one issue because there was no testimony to support it, and by a finding of the court thereon, a judgment was entered for appellee on the verdict and the court's finding. Motion for new trial was overruled and the appeal was duly perfected.

By propositions based upon assignments of error, appellant complains: (1) That the appellee failed, as a matter of law, to show "good cause" for not having filed his claim for compensation with the board within the time prescribed by law. (2) The court should not have submitted the question of compensation under first subsection 3 of section 1 when appellee had not discharged the burden of showing it could not be fixed under either first subsections 1 or 2 of section 1 of article 8309, R.C.S. (3) The testimony was insufficient to show that appellee received an accidental injury while in the course of his employment, resulting in his total and permanent disability. (4) There being no definite finding by the jury as to when the injury occurred, no judgment could be entered on the verdict. (5) The court erred in permitting appellee to testify as to his disability and the extent and nature of his injuries. And (6) the issue submitted on partial disability places the burden of proof on the appellant when it should have been placed on the appellee.

In some instances several propositions are presented by appellant under a single designation made by us, but we think they may be said to cover the matters pointed out, and we shall discuss them in the order named.

Appellee alleged he received an accidental injury while in the course of his employment on September 10, 1934; that he gave notice thereof to the board and the employer within thirty days thereafter; and that on September 1, 1936 he filed his claim with the board for compensation. He described the nature of the accident and claimed total disability; his allegations with reference to the reason for not having filed claim earlier were to the effect that at the time of the accident he

believed his injuries were trivial and that he did not believe they would result in any disability, but that his disability as a result of the injuries sustained did not arise until about September 1, 1936, when his claim was filed with the board.

The provision of the Workmen's Compensation Act here under consideration is section 4a of article 8307, R.C.S., which in effect provides that no compensation shall be allowed by the board for an injury unless the association or subscriber has notice thereof within thirty days thereafter, and a claim for compensation be filed with the board within six months after the occurrence. It is further provided in that section of the act that "for good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing the claim before the board."

The record shows the appellee received an injury on September 10, 1934, while in the course of his employment, by being struck on the forehead by a piece of two-inch pipe, cutting a gash to the skull and about an inch and a half long, requiring treatment by a physician who took four stitches thereon and otherwise treated it in the usual way for about six days. Appellee did not work during that time but returned to his usual work on the seventh day. He lost no other time on account of the injury until about the time he filed his claim for compensation on September 1, 1936. However, he suffered pain and discomfort from the injury, such as headaches at practically all times between the date of the injury and the filing of claim. He believed his injuries were trivial and did not believe they would ever incapacitate him from work. The physician who treated him said the wound healed readily, and he could see no reason why it should give him trouble. During 1935 and 1936 his pains became more pronounced and seemed growing worse, but were not sufficient to prevent him working; on about September 1, 1936, they became so bad he could not work full time and it was then he filed his claim for compensation. It is contended by appellant that as a matter of law "good cause" was not shown.

█ It has often been held by the courts of this state that the question whether or not good cause exists for having failed to file claim for compensation, when pleaded, was one of fact, for determination by the jury if one is demanded, and that the test is whether or not he prosecuted his claim with such diligence as would have been exercised by a person of ordinary care under the same or similar circumstances. Texas Employers' Insurance Association v. Fricker, Tex.Civ.App., 16 S.W. 2d 390, writ refused; Ocean Accident & Guarantee Corp. v. Pruitt, Tex.Com.App., 58 S.W.2d 41; Texas Indemnity Ins. Co. v. Holloway, Tex.Civ.App., 30 S.W.2d 921, affirmed by Supreme Court, 40 S.W.2d 75; Lloyds Casualty Co. v. Meredith, Tex.Civ. App., 63 S.W.2d 1051; Texas Employers' Ins. Ass'n v. Clark, Tex.Civ.App., 23 S.W. 2d 405, 408, writ dismissed; Consolidated Underwriters v. Seale, Tex.Civ.App., 237 S.W. 642, 644, writ dismissed; New Amsterdam Casualty Co. v. Chamness, Tex. Civ.App., 63 S.W.2d 1058, writ refused; Texas Employers Ins. Ass'n v. Johnson, Tex.Civ.App., 89 S.W.2d 1112, writ dismissed.

In Texas Employers' Association v. Clark, supra, on this point the court said: "That the employee did not believe his injuries to be serious would clearly afford a good cause for not giving notice and filing claim until it was learned they were serious. Compensation is not provided for pain and suffering, but for loss of wages, and there would arise no necessity for giving notice or filing a claim so long as the employee lost no time from his work, but believed his injuries were trivial."

On the question of diligence to be exercised by a claimant, it was said in Consolidated Underwriters v. Seale, supra: "We think all that is required of an injured employe is that he prosecute his claim for compensation with that degree of diligence that an ordinary man, situated as he was, would have exercised, under the same or similar circumstances."

█ In such cases as this, the court could not properly have submitted to the jury an issue inquiring whether or not appellee had shown good cause for not having sooner filed his claim. This would have infringed the prerogative of the court, but the facts surrounding the situation could only be determined by the jury. This course was followed by the court in the instant case. He inquired if a person of ordinary care and prudence, situated as was the plaintiff, would have thus delayed filing claim. This rule was announced by this court in an opinion written by Mr. Justice Brown, in Texas Employers' Ins. Ass'n v. Johnson, supra, writ dismissed.

In response to issues submitted the jury found: (a) The plaintiff (appellee) believed until about the time he filed his claim that his injuries would not disable him; (b) that this belief, by plaintiff, prevented him from filing his claim prior to the time it was filed; and (c) that a reasonably prudent person, situated as was plaintiff, would have, for the reason shown, delayed the filing of his claim for such length of time.

We have carefully examined the authorities cited by appellant in which it has been held that good cause was not shown for delay beyond statutory time for filing claims, but we see in each points of clear distinction from those above cited. None of those cases announce a different rule from that referred to by us. Some of the cases cited distinguish the facts there considered from those involved in the ones we have cited. Especially is this true in Cunningham v. Fidelity & Casualty Co., Tex.Civ.App., 102 S.W.2d 1106, writ dismissed. In that case claim was for injury and resulting damages because claimant had been marooned by flood waters, and contracted colds and disease, while in course of his employment. It was held that, in addition to the employee having failed to show good cause for delay, his claim was one not compensable. That court applied the obvious rule in such matters, as that the testimony was such that reasonable minds could not differ, and that the trial court should have held that as a matter of law "good cause" was not shown.

We cannot say the condition last above mentioned exists in the instant case. We may fairly assume that reasonable minds have differed, as to the converse of the rule thus announced. The Industrial Accident Board believed and so held no "good cause" was shown; the jury trying the case decided upon competent testimony that a reasonably prudent man would have delayed filing his claim as did the appellee, and the trial court in effect held the same view of it when he declined to disregard the verdict and render judgment for appellant, and again in overruling the motion for new trial. We will not disturb those findings, and must therefore overrule the assignments.

Another group of assignments challenge the acts of the court in entering judgment based upon the jury findings that $17.50 per week was fair and equitable between all parties, as an average weekly wage for appellee, when the burden of proof had not been discharged by appellee, to show such weekly wage either by his own service for a year next preceding the date of the injury, or by the average wage of others there, or in neighboring vicinities who had worked at similar employment for that length of time. These provisions are commonly known as first subsections 1, 2, and 3 of section 1, article 8309, R.C.S.

To special issue 14 the jury answered that appellee had not worked for substantially one year, at the employment or similar employment as that in which he was engaged when injured, for his then employer, or for any other person.

Special issue No. 15 and its answer are as follows: "Do you find from a preponderance of the evidence that there was no other employee of the same class as the plaintiff, who worked substantially the whole of the year immediately preceding the time of plaintiff's injury, if any, in the same or any similar employment, in the same or a neighboring place?" The answer was "No."

By issue No. 16 the jury found appellee's average weekly wage at the time of the injury was $17.50 based upon what is fair and just as between the parties.

To consider special issue 15, and the answer, as above quoted, it would appear that the jury had found there were other persons engaged in the class of labor as that of plaintiff, in that or neighboring places, who had worked substantially for a year preceding the time plaintiff was injured. It is because of this answer that appellant claims the court could not enter judgment upon the answer to special issue 16. That is to say, the appellee had not shown himself entitled to have his average weekly wage fixed under said subsection 3 until he had shown it could not be fixed under either subsections 1 or 2.

Prior to the submission of any issue to the jury, appellant objected to special issue 15, upon the ground there was no testimony in the case upon which to base it. When the verdict was returned, the court set aside and held for naught that issue and its answer upon the ground there was no testimony to support the answer, and found as a matter of fact there was no other employee of the same class as plaintiff, who had worked substantially the whole of the year immediately preceding the time of plaintiff's injury, in the same or similar employment, in the same or a neighboring place, and thereupon entered judgment for appellee up-

on the verdict of the jury and his findings mentioned.

It cannot be seriously contended that the burden was not on the appellee to show that his average weekly wage should be fixed by one of the three methods provided by the act and in the order named, viz., by his own wages if he had worked at similar employment for as much as a year before the injury, or by the average wage of others in that vicinity engaged in such employment, or by an amount that would be just and fair as between the parties. We have found no case holding that the first and second methods must be eliminated by a jury verdict before resort may be had to the third. It is only when an issue of fact is made by the testimony that it becomes necessary to have the jury pass upon it. If the testimony is sufficient to establish a fact, and is in no way contradicted, there is no issue for the jury, and the court may so find in the judgment. We do not find in the record any testimony which would tend to controvert that of appellee's with reference to other employees in that or neighboring places; the court would have been warranted in the first instance to have omitted the submission of such an issue and to find as he did after the issue was answered. There are some early cases which tend to hold the court could not disregard the answer to one or more issues and render judgment on others, but these cases were decided prior to the enactment of article 2190, Vernon's Ann.Civ.St., which requires that only such issues as are made by the pleadings and testimony be submitted; and that a presumption will be indulged that the testimony supported the judgment rendered by the court.

The testimony relative to other employees in that and neighboring places, working at such labor as that in which appellee was engaged when injured, shows that they could not work more than one-fourth of the time; this was because of the nature of the work, it could not go on at all times or even substantially all the time; that when an employee could not work regularly he would have to do job work such as he could find until called back to the regular employment.

The appellant made no effort, it appears, to disprove these things, and we think even this small amount of testimony was sufficient to authorize the court to assume it to be a fact. These conclusions are substantially what we recently held on the same point in the case of Traders & General Ins. Co. v. Crouch, 113 S.W.2d 650. We there cited in support of the holding Federal Underwriters Exchange v. Stewart, Tex.Civ.App., 109 S.W. 2d 1031, in which case a writ of error has since been denied. In connection with the quantum of proof necessary for a claimant to produce in order to discharge the burden imposed upon him by law in such cases, the court held, in the case last cited, that, where no real controversy over the issue was had in the trial court, very slight evidence will be sufficient to discharge the burden. The assignments raising this point must be overruled.

By its sixth, seventh, and eighth propositions, which properly refer to assignments, appellant complains of the sufficiency of the testimony to support the jury verdict that appellee was totally and permanently incapacitated for work. In this, as in many other cases where the point is raised, appellate courts are confronted with the everpresent conflict in testimony offered upon the trial. This is especially true when, as in the instant case, the question is to be determined from the opinions of experts among the medical profession. It appears to be as natural for them to disagree as it is for members of the legal profession. Be it said to the credit of most physicians who are called to testify in personal injury cases, they seldom commit themselves to a positive statement that this or that injury to a part of the human anatomy will have a definite effect on the individual; they explain, and rightly so we think, this is because of so many elements which may enter into each case; such as infection, the physical condition of the individual at the time of the injury, and many other like conditions.

We have carefully read the testimony of the four doctors who testified in the case; the jury had to form its verdict from the statements made by them along with the testimony of others.

In answering special issues 3, 4, 5, and 6, the jury found that appellee suffered an accidental injury while in course of his employment, which resulted in his total and permanent disability on about September 8, 1936. By subsequent issues it was found there was no partial disability at any period of the time.

The appellee and his wife testified to the nature of his injuries as they had affected him since the accident; they also detailed the apparent progressiveness of his injuries; they testified that he had been unable to hold a job at such employment as he had when injured; that he had tried several and would be discharged because he could not do the work; they also testified that appellee had been doing odd jobs, such as hauling junk in a truck, and doing any other kind of light work he could get. The doctors testified on the point, from hypothetical questions put to them, that appellee could not stand the physical examination necessary to enable him to accept employment in the oil fields like he had formerly done. The doctor who was treating appellee for ethmoid sinus infection said the blow on the head received by appellee would probably produce the trouble he found and had been treating; he also testified that in his opinion appellee was incapacitated to do oil field work and that his incapacity was permanent. It was the province of the jury to weigh the testimony given by the witnesses and to answer the issues accordingly; as shown, the verdict was favorable to appellee; there was ample testimony, if believed by the jury, to support the verdict. Appellant raised the question here discussed in its motion for new trial, and the court declined to disturb the verdict, and we have no right to do so, under the circumstances here shown.

To constitute total incapacity as contemplated by the Workmen's Compensation Act, it is not necessary to establish as a fact that a complainant is incapacitated to do any kind of labor. The test is recognized and tersely stated in 45 Tex. Jur. p. 585, § 159, in these words: "Thus it has been held proper to instruct the jury that 'total incapacity' as used in the law 'does not imply an absolute disability to perform any kind of labor, but a person disqualified from performing the usual tasks of a workman in such a way as to enable him to procure and retain employment, is ordinarily regarded as totally incapacitated.'" The foregoing rule is recognized by many decisions there cited. We see no merit in the assignments and they are overruled.

Appellant's tenth assignment, mentioned above by us as (4), raises the question of an insufficient finding by the jury as to when appellee's disability began. It is pointed out that appellee testified the accident happened on September 10, 1934, and that he laid off from work about six days on that account. There is support in the testimony for the jury finding in response to special issue No. 5 that the commencement of appellee's total disability was "on about September 8, 1936." Certainly the verdict was definite enough to support a judgment. The fact that appellee lost a few days, the number not being compensable under the law, apparently recovered and returned to his employment, where he worked at intervals when needed, until the time designated by the jury as the beginning of his total disability, would not tend to impeach the findings by the jury verdict.

The ninth and eleventh points raised and mentioned by us above in the fifth group of propositions complain of the court's ruling in permitting the appellee to testify that he was "totally and permanently disabled or the extent of his disability." We have read the record bearing on the point, and do not believe, it supports the contention made. To take the excerpts from the testimony shown and relied upon in appellant's brief, it does not appear that the witness was permitted to testify that he was totally disabled. His answers really were not responsive to the questions asked but the objection did not reach this; he said: "The only work I know how to do at all requires a strain to where it would be on the head, such as roustabouting, pipe lining or relief pumping. * * * I could work about maybe four or five days a month on that work." We think no error is shown by the contention made, and in this we are supported by the holding in Zurich General Accident & Liability Ins. Co. v. Kerr, Tex.Civ.App., 54 S.W.2d 349, writ refused, and cases there cited. See, also, Petroleum Casualty Co. v. Bristow, Tex.Civ.App., 35 S.W.2d 246, writ dismissed; Traders & General Ins. Co. v. Blancett, Tex.Civ.App., 96 S.W.2d 420, writ dismissed.

Appellant's twelfth and last assignment complains that the burden of proof in special issues 7 to 10, inclusive, was erroneously placed on defendant when it should have been placed on plaintiff. These issues referred to partial disability, and the percentage, if any, sustained by appellee. Issue No. 7 reads: "Do you

find from a preponderance of the evidence that the plaintiff, G. A. Roberts, sustained partial disability for any period of time as the result of such injury, if any?" The answer was "No." The later inquiries as to percentage, etc., were answered "None," and "None per cent." The seventh issue should have been worded, as contended by appellant, so as to inquire if appellee did not sustain partial disability. Appellee in his brief calls our attention to the fact that no such objection was made to the charge before it was read to the jury, and we find from the record before us this is true. Under these conditions appellant cannot raise the question for the first time here. Article 2185, R.C.S.; City of Wichita Falls v. Phillips, Tex.Civ.App., 87 S.W.2d 544, writ dismissed, and cases there cited.

For the reasons shown we find no error in this record for which the judgment of the trial court should be reversed, and the assignments are accordingly all overruled and the judgment is affirmed.