## SCOTT v. TEXAS EMPLOYERS' INS. ASS'N.

### No. 13771.

Court of Civil Appeals of Texas. Fort Worth.

May 27, 1938.

Rehearing Denied June 24, 1938.

Kouri & Parish and L. V. Abernathy, all of Wichita Falls, for appellant.

T. R. Boone and Kearby Peery, both of Wichita Falls, for appellee.

SPEER, Justice.

This appeal involves the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., and especially section 4a of Article 8307, Vernon's Tex.Civ.St., relating to "good cause" shown for failure to file claim within statutory time.

John Scott sued Texas Employers' Insurance Association in a district court of Wichita County, to set aside an adverse award made by the Industrial Accident Board, and for compensation for an accidental injury sustained while in the course of his employment with Wichita Falls Foundry and Machine Company, on about May 2nd, 1936.

Plaintiff's petition contained all necessary allegations, which, if proven, would have entitled him to recover. The jurisdictional allegations concerning notice, both to the employer and the Board, alone affect the issues before us, and for that reason, we quote from the petition. It reads: "That within six months after the date of said injury, towit, on the 27th day of October, A. D. 1936, plaintiff filed his claim for compensation with the Industrial Accident Board of the State of Texas in the manner prescribed by law, and on the 19th day of November, 1936, he filed an amended notice and claim of injury with the said Board; claiming compensation from said defendant by reason of said injury; that prior notice had not been given to the Industrial Accident Board, because of the fact plaintiff was not aware of the full extent, kind and nature of his injuries, but that the employer had actual notice of his injuries thereof.

"Plaintiff would further show that he believed his injury was trivial in its nature and not serious until on about October 27th, 1936, when he filed his notice and claim of injury, and that therefore plaintiff had good cause for not giving notice of the injury within thirty days, and up until the time that he did give such notice."

Defendant answered by general denial and special defenses, not necessary for us to set out in detail here.

A jury trial was demanded and the testimony was heard. At the conclusion of the introduction of testimony, the defendant moved for an instructed verdict, which was by the court, at that time, overruled. Special issues were prepared and submitted covering all phases of the case, including whether or not plaintiff had shown good cause for having failed to sooner give notice to the Board and the employer of the injuries complained of. The jury could not agree upon answers to the issues. Only one issue was answered; that was to the effect that the injury sustained was the result of an accident.

The jury was discharged because of the failure to agree, whereupon the defendant renewed its motion for a judgment, in which motion, among other things, it was contended that the evidence showed without dispute that "good cause" did not exist for plaintiff's failure to give notice of the accident and his injuries to the employer prior to October 27th, 1936, and that the undisputed testimony showed no notice thereof was given to the employer prior to said date nor did the employer have actual notice; that plaintiff knew of the seriousness of his injuries in July, 1936; that these facts were testified to by plaintiff, and constituted all the evidence on that point.

The court heard and sustained the motion, entering judgment sustaining the award of the Industrial Accident Board and denied plaintiff any recovery. In the judgment the court said, when the motion for an instructed verdict was made by defendant he believed it should have been given but that he was prevailed upon by plaintiff's counsel to let the case go to the jury while they investigated the law applicable. He found in the judgment that the undisputed evidence in the case precluded a recovery by plaintiff, and entered the judgment in defendant's favor.

Plantiff has perfected his appeal and assigns this action of the court as error. He contends that whether or not he had shown good cause for not having given notice, as required by law, was a question of fact for determination by a jury, when he had demanded one. As a general rule, his contention is correct. Texas Employers' Ins. Ass'n v. Fricker, Tex.Civ.App., 16 S. W.2d 390, writ refused; Ocean Accident & Guarantee Corp. v. Pruitt, Tex.Com.App., 58 S.W.2d 41; Texas Indemnity Ins. Co. v. Holloway, Tex.Civ.App., 30 S.W.2d 921, affirmed by Supreme Court, 40 S.W.2d 75; Lloyds Casualty Co. v. Meredith, Tex.Civ. App., 63 S.W.2d 1051; Texas Emp. Ins. Ass'n v. Clark, Tex.Civ.App., 23 S.W.2d 405, writ dismissed; Consolidated Underwriters v. Seale, Tex.Civ.App., 237 S.W. 642, writ dismissed; New Amsterdam Casualty Co. v. Chamness, Tex.Civ.App., 63 S.

W.2d 1058, writ refused; Texas Emp. Ins. Ass'n v. Johnson, Tex.Civ.App., 89 S.W.2d 1112, writ dismissed.

But it is only when there is some testimony of substantial probative force offered that this or any other issue of fact is required to be submitted for a jury determination. Article 2190, Vernon's Tex.Civ.Statutes.

Article 8307, sec. 4a, R.C.S., with reference to notice to the employer or carrier of insurance provides: "Unless the association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the association or subscriber within thirty days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within six months after the occurrence of same. * * * For good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing the claim before the board."

■ The latitude given by statute to the Board to excuse a claimant for not having complied with all the rules and provisions of the Act is wholesome; it is conducive to the administration of justice under the provisions of the law to furnish sure and prompt compensation to an injured employee; therefore, a liberal rule of construction is required in the administration of the Act; but notwithstanding all this, the right of recovery is purely statutory; these provisions are easy of performance, and their observance is jurisdictional with the Board and courts. Our Supreme Court said, in Federal Surety Co. v. Jetton, 44 S.W.2d 923, 925: "The rights and remedies given by the Workmen's Compensation Act are purely statutory; the statutory provisions as to both [notices] are mandatory and exclusive, and must be complied with in all respects; and such compliance is necessary to the exercise of jurisdiction by the first and all succeeding agencies. * * * Each step toward maturity of compensation claim from time of injury to the final adjudication is a mandatory requirement necessary to the exercise of jurisdiction by each agency provided for by this statute."

■ We have carefully read the testimony of plaintiff and we do not consider he has tendered any evidence which tends to prove a good cause for having failed to give notice within thirty days to his employer or to the carrier, of his injuries after he shows he knew of their nature and extent. In fact, his own testimony clearly disproves that he did give such notice prior to the time he filed his claim with the Board on October 27th, 1936. The superintendent and others connected with the Foundry Company testified they knew nothing of his claimed injuries until he filed his claim in October. He said he was examined by a physician in Oklahoma City in June or July, 1936, and was rejected for service on account of his injured back; X-ray pictures were then taken, which disclosed his injuries. He testified that he did not tell any of his bosses or managers out at the foundry that he had received an injury; he said he told another colored man who was engaged in the same line of work. He talked with Christensen and others who employed and discharged laborers on the work about returning to work, but did not tell any of them that he had been injured; he said he went to Oklahoma on June 22nd, 1936, and within a week or ten days thereafter he was examined by a physician at the instance of a foundry there, and after the examination and pictures were made, the doctor told him, "John, I am sorry but you are too bad hurt." He afterwards returned to Wichita Falls and made his first claim and gave his first notice on October 27th, 1936.

In some instances, we think an employee should be commended for preferring to continue his labors at a given wage, over accepting the compensation provided by law, when he, in good faith, thinks his injuries are of minor importance and will not result in his inability to work; but to say the least, plaintiff knew when he received his injuries and suffered pain and inconvenience thereafter. The record also reflects that plaintiff was discharged by his employer two days after the accident for his admitted culpable conduct; that he went to Oklahoma and sought employment similar to that in which he had been engaged; having found a possible position, the physical examination above mentioned disclosed to him the truth of the extent and nature of his injuries; at least he then learned enough to know he could not again engage in that kind of employment; with this information he waited nearly ninety days thereafter to give the statutory notice to the Board and none was given to either the employer or the Association.

■ If it be conceded that the evidence raised the issue of "good cause" for not

giving the notice within thirty days from the date of the injury, assuredly there is not a scintilla of evidence tending to excuse his failure to do so after he learned in July of his physical condition and inability to receive and hold a job. It is essential that he give the notice within the prescribed time after he learns the facts. Holloway v. Texas Indemnity Ins. Co., Tex.Com.App., 40 S.W.2d 75; Williamson v. Texas Ind. Ins. Co., 127 Tex. 71, 90 S.W.2d 1088; Jones v. Texas Employers Ins. Ass'n, 128 Tex. 437, 99 S.W.2d 903; Johnson v. Employers Liability Assurance Corp., Tex.Com.App., 112 S.W.2d 449; Odom v. Indemnity Ins. Co. of N. A., Tex.Civ.App., 111 S.W.2d 1143, writ dismissed.

Judge Leddy, speaking for the Court in the Holloway Case, supra, made the first definite pronouncement of this rule, and it has been followed in subsequent cases many times.

In the Williamson Case, supra, the Supreme Court said (page 1089): "* * * but the burden is upon the claimant to allege and prove the existence of such good cause up to the time of the filing of his claim, and not merely the existence of good cause during the first 6 months."

In the Odom Case, supra, on this point it was said (page 1145): "Obviously these allegations [of good cause] negative the obtaining of continuous good cause at all times up to the date of April 20, 1936, when the claim was actually filed. * * * Good cause for the first six months delay following the accident is not sufficient under the circumstances." The quoted rule applies in the instant case, since, as we have seen, claimant knew in July that his injuries would preclude him from again working as he had previously done, and the notice was not given until the following October.

On this point it was said, in the Jones Case, supra (page 904): "With respect to the interval of time between May 8, 1932, and the date he filed a claim with the board [from July until October 27, in the case before us], no showing of good cause is made by either pleading or proof. Therefore the trial court erred in rendering judgment in his favor for any amount."

In the Johnson Case, supra, in discussing the necessity of both allegations and proof of good cause, including the period of time after the claimant learned of his condition and when he actually gave the notice, Judge Martin, speaking for the Commission of Appeals, said (page 450): "It was indispensably necessary to allege and prove this as a jurisdictional fact. No such fact issue was submitted to the jury, and, if it had been, an affirmative finding would have had no support in the evidence."

The plaintiff in this case cites and relies upon many of the cases cited by us in the early part of this opinion for the general rule, that the question of whether or not good cause is shown is a question of fact for the jury; the soundness of the rule cannot be questioned when there is any evidence of probative force to support the allegation. He cites us to the case of Texas Employers Ins. Ass'n v. Roberts, 116 S.W.2d 417, decided by this court, in which we announced the same rule as that held in the cases referred to; but in the Roberts Case there was no intervening time between the period when claimant became incapacitated and when he gave the notice. A different state of facts from that now before us was there considered.

■ We are fully convinced that from the record before us, the trial court should have given the requested peremptory instruction for the defendant, and, as stated in the judgment, while it was temporarily overruled, it was entirely proper for the court to reconsider his ruling thereon and later sustain a motion for judgment in behalf of the defendant. If the jury had found in response to issues submitted that good cause existed during the period of time elapsing after claimant found he was incapacitated and the date of the notice, it would have been without support in the evidence, and the court could properly have entered judgment non obstante veredicto, had such a motion been presented.

■ Another proposition is made by plaintiff, to the effect that the Industrial Accident Board did not reject the claim because of a failure to sooner give the notice, but entertained it as presented, and made the award denying him compensation. We are not ready to say the proposition is borne out by the record, for the award says nothing about the notice, but the claim was rejected because: "That said John Scott has failed to sustain the burden imposed upon him by law to establish by proof that condition of which he complains is a result of injury suffered in the course of employment for sub-

scribing employer herein as alleged." Whether the Board passed upon the question of "good cause" or not, it was equally as important that plaintiff allege and prove these facts before the court to which he had appealed; having failed in this respect it becomes unnecessary for us to pass upon the second proposition, and we express no opinion thereon.

Believing, as we do, that the trial court properly disposed of the case, the judgment there entered will be affirmed, and it is accordingly so ordered.

## On Motion for Rehearing.

The appellant in his motion for rehearing insists that he was entitled to have the jury pass upon the question of whether or not he had shown good cause for not having given notice to the employer or insurance carrier within thirty days, and for not having filed his claim for compensation before the Industrial Accident Board within six months after he received his injuries. It is claimed that our opinion in this case is in conflict with our holding in the case of Texas Employers Ins. Ass'n v. G. A. Roberts, 116 S.W.2d 417. We do not agree that this is true. In our original opinion we referred to the distinction between the facts of the two cases. In the Roberts Case it appeared that notice was given to both employer and the Board within the statutory time after the employee became disabled from the injury. In the instant case it affirmatively appears from appellant's testimony that no notice was given at all to the employer or the association within the statutory time; and further, that neither knew of appellant's claim until it was filed with the Board in October. We think the authorities cited by us in the original opinion, which hold it is necessary to show good cause covering the intervening time between the date on which the employee knew of his incapacity and the filing of his claim, support our conclusions reached.

It may be added here that the Supreme Court has granted a writ of error in the Roberts Case, above referred to, but it appears to have been granted upon other points than the one here under consideration.

We yet believe we properly disposed of this appeal in the original opinion, and therefore must overrule the motion for rehearing.