

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 28, 1961

Honorable Walter E. Wilson
County Attorney
Ector County
Odessa, Texas

Opinion No. WW-1123

Re: Whether it is necessary for
a county clerk to file notices
of assignment of account in
the chattel mortgage records
of the county, and the meaning
of the word "among" as it
appears in Section 5, Article

Dear Mr. Wilson:

260-1, Vernon's Civil Statutes.

Your request for an opinion poses the following
questions:

(1) Whether it is necessary to file
notices of assignment of account
in the chattel mortgage records
of the county.

(2) The meaning of the word "among"
as it appears in Section 5, Article
260-1 of Vernon's Civil Statutes.

Section 5, Article 260-1, Vernon's Civil Statutes,
provides as follows:

"Upon the filing for record of any
notice of assignment the County Clerk
shall receive, file and index the same,
as in the case of chattel mortgages, and
shall preserve the same among the chattel
mortgages in his office for each notice
of assignment which shall be filed, and
shall receive a fee of Twenty-five (25¢)
Cents. Satisfaction, cancellation or
release, signed by the assignee, of any

such notice of assignment recorded in the office of the County Clerk may be entered on the record book in such office in which the notice of assignment is entered, as in the case of chattel mortgages, and for each such entry the County Clerk shall receive a fee of Twenty-five (25¢) Cents." (Emphasis added)

The two questions presented can be resolved by a proper construction and interpretation of the foregoing Article. We construe the wording of the statute as not requiring notices of assignment of account to be filed or indexed in or with the chattel mortgage records of the county. The case of Texas and Pacific Ry. Co. v. Railroad Commission of Texas, 105 Tex. 386, 150 S.W. 878 (1912), held that words in common use, when used by the Legislature in a statute, are to be understood as intended to express the sense in which they are ordinarily used. Also Railroad Commission of Texas v. Texas and N. O. Ry. Co., 197 S.W.2d 176 (Civ.App. 1946), held that words in common use when used in a statute will be given their natural, ordinary and popular meaning. Finally, the opinion of the Court in Holloway v. Texas Indemnity Ins. Co., 40 S.W.2d 75 (Com.App. 1931), stated that courts in interpreting legislative acts must give words not specifically defined their ordinary meaning. In view of the legal principles set forth in these cases, it is our opinion that the literal or plain meaning of the phrase, "as in the case of chattel mortgages," as it appears in Section 5 of Article 260-1, requires only that notices of assignment of account be registered by employing the same method or practice as in the case of chattel mortgages.

Section 5 of Article 260-1 also states that the County Clerk shall preserve such notices "among" the chattel mortgages in his office. Black's Law Dictionary, Fourth Edition, defines the word "among" as "mingled with or in the same group or class." (Emphasis added). It is our opinion that this definition would not require notices of assignment of account to be kept in the same file as chattel mortgages, but only that they be preserved in the place where notices of assignments are kept.

## S U M M A R Y

A County Clerk is not required to file notices of assignment of account in the

chattel mortgages records of the county.
Also, the meaning of the word "among" as
it appears in Section 5, Article 260-1,
Vernon's Civil Statutes, does not require
a County Clerk to preserve notices of
assignment of account in the same file
with chattel mortgages.

Yours very truly,

WILL WILSON
Attorney General of Texas

By  I. Raymond Williams, Jr.
Assistant

IRWjr:mm

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

W. Ray Scruggs
Elmer McVey
John Leonarz
Lawrence Hargrove

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Howard W. Mays